# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **ORA RAY KINCER,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action Number |
| **CARRINGTON MORTGAGE** ) | **5:18-cv-00047-AKK** |
| **SERVICES, LLC,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Ora Kincer brings a claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and various state law claims against Carrington Mortgage Services, LLC; CitiFinancial Servicing, LLC; Stanwich Mortgage Loan Trust A; and American Homeowner Preservation Trust Series 2015A. The court has for consideration CitiFinancial's Motion to Dismiss, doc. 49, and Stanwich's Motion to Dismiss, doc. 50. Both motions are fully briefed, docs. 52, 53, 54, 55, 56, 57,[1] and ripe for review. For the reasons explained more fully below, both motions are due to be granted.

---

[1] The court also has for consideration Stanwich's Motion to Strike, doc. 58, and CitiFinancial's Motion to Strike, doc. 60, seeking to strike sur-replies Kincer filed. This court's briefing schedule does not permit the filing of sur-replies. Doc. 51. Therefore, because "[s]ur-replies can only be filed with leave of court and are ordinarily stricken if no such leave is requested or received," *Mobile Cty. Water, Sewer & Fire Prot. Auth., Inc. v. Mobile Area Water & Sewer Sys., Inc.*, No. CIV.A. 07-0357-WSM, 2007 WL 3208587, at *5 n.10 (S.D. Ala. Oct. 29, 2007), the motions to strike are due to be granted.

1

## I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also*

*Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. FACTUAL BACKGROUND[2]

In 1992, Kincer entered into a mortgage on her current residence, which included a life insurance policy for her late husband. Doc. 22 at 2. In September 2017, Carrington acquired the mortgage from CitiFinancial. *Id*. On two separate occasions in November 2017, a Carrington employee entered Kincer's property uninvited and without notice. *Id.* at 3.

Prior to her husband's death, the Defendants informed Kincer that his life insurance policy would not require renewal, despite its ten-year limit. *Id.* at 6. As a result, she did not renew the policy. *Id.* at 7. Kincer learned subsequently that the policy had expired. *Id.*

Kincer also sent the Defendants multiple letters, which she contends are Qualified Written Requests ("QWRs") under RESPA. *Id.* at 5. The Defendants' responses were "sporadic, unclear, ambiguous," and "unhelpful." *Id.*

---

[2] The court recites the facts as alleged in Kincer's complaint. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Kincer provides additional details in her brief, doc. 52. However, because "[i]t is axiomatic that a plaintiff cannot amend the complaint by arguments of counsel made in opposition to a motion to dismiss," the court does not consider these allegations. *Kuhn v. Thompson*, 304 F. Supp. 2d 1313, 1321 (M.D. Ala. 2004); *see also Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).

3

## III. ANALYSIS

Kincer pleads claims of negligence and wantonness (Count I), negligent hiring, retention, and supervision (Count III), RESPA violation (Count IV), breach of contract (Count V), and misrepresentation (Count VI) against CitiFinancial and Stanwich. In their motions, CitiFinancial contends Kincer's claims fail on various grounds, while Stanwich contends the complaint does not specifically allege that Stanwich acted wrongfully or plead the misrepresentation claim with the requisite particularity. The court addresses Kincer's claims in turn.

### A. Negligence and Wantonness (Count I)

Under Alabama law, "[t]he elements of a negligence claim are a duty, a breach of that duty, causation, and damage." *Prill v. Marrone*, 23 So. 3d 1, 6 (Ala. 2009) (quoting *Armstrong Bus. Servs., Inc. v. AmSouth Bank*, 817 So. 2d 665, 679 (Ala. 2001)). "To establish wantonness, the plaintiff must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty." *Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994). Further, "[t]o be actionable, that act or omission must proximately cause the injury of which the plaintiff complains." *Id.* (citing *Smith v. Davis*, 599 So. 2d 586 (Ala. 1992)).

Here, the purported breach is the intrusion on Kincer's property by a Carrington employee. Doc. 22 at 3-4. Kincer contends Stanwich is vicariously

4

liable for the conduct because Stanwich purchased the mortgage from CitiFinancial and used Carrington to service the mortgage. Doc. 52 at 2-3. However, these allegations do not appear in Kincer's complaint. *See* doc. 22. Therefore, because the complaint does not state a plausible claim for negligence or wantonness against Stanwich, Count I is due to be dismissed against Stanwich. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) ("A court's review on a motion to dismiss is 'limited to the four corners of the complaint'") (quoting *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002)).

As to CitiFinancial, Kincer contends her negligence and wantonness claims against it "are not based upon the acts of Carrington, but instead are based on [CitiFinancial's] own acts in misleading the Plaintiff [with regard to the life insurance policy] and failing their duty of good faith dealing." Doc. 53 at 4. However, the complaint identifies the duty breached as "a duty of care . . . to refrain from causing damage to the Property and Plaintiff's personal property." Doc. 22 at 3. Moreover, there are no allegations in Count I about a purported misrepresentation regarding the life insurance policy. *Id.* at 3-4. Based on the actual pleading, there are no allegations to support a finding that CitiFinancial was vicariously liable for the conduct of Carrington's employee. *See* doc. 22. Therefore, because Kincer cannot amend her complaint through her brief to allege

an entirely different factual basis for her claims against CitiFinancial, *see Gilmour*, 382 F.3d at 1315, Count I is also due to be dismissed against CitiFinancial.

### B. Negligent Hiring, Retention, and Supervision (Count III)

In discussing the elements of a negligent hiring, retention, or supervision claim, the Alabama Supreme Court has stated that:

> In the master and servant relationship, the master is held responsible for his servant's incompetency when notice or knowledge, either actual or presumed, of such unfitness has been brought to him. Liability depends upon its being established by affirmative proof that such incompetency was actually known by the master or that, had he exercised due and proper diligence, he would have learned that which would charge him in the law with such knowledge. It is incumbent on the party charging negligence to show it by proper evidence.

*Lane v. Central Bank of Alabama, N.A.*, 425 So. 2d 1098, 1100 (Ala. 1983). In other words, to state a claim for negligent supervision, "the plaintiff must establish that the allegedly incompetent employee committed a common-law, Alabama tort," *Thrasher v. Ivan Leonard Chevrolet, Inc.*, 195 F. Supp. 2d 1314, 1320 (N.D. Ala. 2002) (citing *Stevenson v. Precision Standard, Inc.*, 762 So. 2d 820, 824 (Ala. 1999)), and that "the employer knew, or in the exercise of ordinary care should have known, that its employee was incompetent," *Buckentin v. SunTrust Mortg. Corp.*, 928 F. Supp. 2d 1273, 1288 (N.D. Ala. 2013) (collecting cases).

Kincer premises her negligent hiring claim on the purported tortious conduct of Carrington's employees. Doc. 22 at 4-5. However, as with Count I, her complaint lacks allegations supporting a finding of liability against Stanwich for

6

employing, retaining, or supervising one of Carrington's employees. Similarly, although Kincer contends the negligent hiring claim against CitiFinancial is based on the conduct of a CitiFinancial employee who misled Kincer with regard to the life insurance policy, doc. 53 at 4, the complaint contradicts this contention, *see* doc. 22 at 4 (pleading a negligent hiring claim based on "the intentional conduct of the individual(s) who entered the property on or about November 18, 2017 and November 22, 2017, and are responsible for the injuries suffered by the Plaintiff").

Focusing on the claims actually pleaded, the complaint again lacks allegations that would support a finding of liability against CitiFinancial or Stanwich. *See id* at 4-5. Accordingly, Count III is due to be dismissed against these Defendants.

**C. RESPA Violation (Count IV)**

RESPA requires loan servicers to provide written responses to QWRs[3] within thirty days, excluding Saturdays, Sundays, and public holidays. 12 U.S.C. § 2605(e). To state a RESPA claim for failure to respond to a QWR, a plaintiff must allege that "(1) the defendant is a loan servicer under the statute; (2) the plaintiff sent a qualified written request consistent with the requirements of the statute; (3) the defendant failed to respond adequately within the statutorily

---

[3] RESPA defines a QWR as "a written correspondence from the borrower to the servicer" that "includes, or otherwise enables the servicer to identify, the name and account of the borrower;" and "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).

7

required days; and (4) the plaintiff has suffered actual or statutory damages." *Correa v. BAC Home Loans Servicing LP*, No. 6:11-CV-1197-ORL-22, 2012 WL 1176701, at *6 (M.D. Fla. Apr. 9, 2012) (citing *Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 836 (11th Cir. 2010); *Williams v. America's Servicing Co.*, No. 2:09-CV-755-FTM-29-DNF, 2011 WL 1060652, at *2 (M.D. Fla. Mar. 22, 2011)).

Kincer contends she sent multiple QWRs to all four Defendants, and that they failed to conduct investigations after receiving the QWRs. Doc. 22 at 5. However, Kincer's assertion that her correspondences qualified as QWRs is a conclusion of law, which the court is not required to accept as true. *See Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1429 (11th Cir. 1985) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)). As judges in this court have held previously, "[i]t is not enough to simply use the words 'qualified written request' somewhere in the Complaint. Rather, Plaintiffs must plead facts demonstrating that a written request was actually made, such as by discussing the date the request was sent, how it was delivered, and describing its contents[.]" *Costine v. BAC Home Loans*, 946 F. Supp. 2d 1224, 1233 (N.D. Ala. 2013); *see also Rice v. Seterus*, No. 7:17-CV-00732-RDP, 2018 WL 513345, at *11 (N.D. Ala. Jan. 23, 2018); *Tallent v. BAC Home Loans*, No. 2:12-CV-3719, 2013 WL 2249107, at *4-5 (N.D. Ala. May 21, 2013).

Kincer has failed to meet this burden. Specifically, she does not plead that her purported QWRs included a "statement of the reason for [Kincer's] belief . . . that the account is in error," as 12 U.S.C. § 2605(e)(1)(B) requires. *See* doc. 22. Indeed, the complaint does not contain any allegations that would allow the court to discern why Kincer believed her account was in error, except for a single reference to "misplaced payments." *See id.* Therefore, because Kincer has failed to adequately plead that she sent QWRs to the Defendants, Count IV is due to be dismissed against CitiFinancial and Stanwich. *See Correa*, 2012 WL 1176701, at *6.

Alternatively, Count IV is due to be dismissed because Kincer does not plead damages. Although she argues in her brief that she suffered "a great deal of emotional trauma that caused actual sickness and pain" as a result of the alleged RESPA violations, doc. 53 at 4-5, her complaint lacks such an allegation, or any allegations from which the court could infer how the purported violations caused such damages, *see* doc. 22. In the absence of actual damages, or a contention that she is entitled to statutory damages, the RESPA claim fails. *See Baez v. Specialized Loan Servicing, LLC*, 709 F. App'x 979, 982 (11th Cir. 2017) (citing *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1244 (11th Cir. 2016)).

### D. Breach of Contract (Count V)

"In order to recover on a breach-of-contract claim, a party must establish: (1) the existence of a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) damages." *Capmark Bank v. RGR, LLC*, 81 So. 3d 1258, 1267 (Ala. 2011) (citing *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002)).

Kincer contends she entered into contracts with all four Defendants, and that they breached these contracts through "their failure to abide by RESPA requirements" and other, unpled acts. Doc. 22 at 6. Kincer's contention that the Defendants violated RESPA is a conclusion of law, and one that the court has rejected at least with regard to CitiFinancial and Stanwich. *See Solis-Ramirez*, 758 F.2d at 1429. While the complaint alleges that the breaches were "not limited to" RESPA violations, in the absence of specific details, this conclusory assertion fails to plead a breach of contract claim. *See Beale v. Ocwen Loan Servicing, LLC*, No. 7:15-CV-00397-LSC, 2015 WL 3767246, at *2 (N.D. Ala. June 17, 2015) (dismissing contract claim where complaint failed "to provide any facts detailing . . . in what way [the defendant] did not perform under the contract"). Therefore, Count V is also due to be dismissed against both CitiFinancial and Stanwich.

### E. Misrepresentation (Count VI)

"The elements of a misrepresentation claim are 1) a misrepresentation of material fact, 2) made willfully to deceive, recklessly, without knowledge, or mistakenly, 3) which was reasonably relied on by the plaintiff under the circumstances, and 4) which caused damage as a proximate consequence." *Bryant Bank v. Talmage Kirkland & Co.*, 155 So. 3d 231, 238 (Ala. 2014) (citing *Foremost Ins. Co. v. Parham*, 693 So. 2d 409, 421-22 (Ala. 1997)). When "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requirement is satisfied when a complaint sets forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Int'l Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)).

Kincer's complaint identifies the alleged statement—that "her husband's life insurance was in good standing and would not need to be renewed despite a 10-year limit"—but not in what documents or oral statements CitiFinancial or Stanwich made that statement. *See* doc. 22 at 6-7. The complaint also does not

identify the specific time or place of the alleged misrepresentation, or identify the person who made it, attributing the statement to an unnamed "representative or representatives of the Defendants." *See id.* Finally, Kincer does not specifically plead what CitiFinancial or Stanwich gained as a consequence of the purported misrepresentation. *See id.* As Kincer has failed to plead her misrepresentation claim with the requisite particularity, it is due to be dismissed against CitiFinancial and Stanwich. *See Wallace v. SunTrust Mortg., Inc.*, 974 F. Supp. 2d 1358, 1367 (S.D. Ala. 2013) (collecting cases).

## IV. CONCLUSION AND ORDER

For these reasons, Defendants' motions to dismiss, docs. 49 & 50, and motions to strike, docs. 58 & 60, are **GRANTED**. Kincer's claims against CitiFinancial and Stanwich are **DISMISSED WITHOUT PREJUDICE**.

**DONE** the 21st day of August, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE