UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ORA RAY KINCER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action Number |
| CARRINGTON MORTGAGE ) | 5:18-cv-00047-AKK |
| SERVICES, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

The court has for consideration: (1) Ora Ray Kincer's response to the court's August 28, 2018 Order to Show Cause, doc. 66, which the court construes as a motion to reconsider its August 21, 2018 Memorandum Opinion and Order dismissing her claims against defendants CitiFinancial Servicing, LLC and Stanwich Mortgage Loan Trust A; (2) U.S. Bank Trust as Trustee of the American Homeowner Preservation Trust Series 2015A's ("American Homeowner's") Motion to Dismiss, doc. 68; and (3) Carrington Mortgage Services, LLC's response to the Order to Show Cause, doc. 63, which the court construes as a motion to dismiss. For the reasons explained below, Kincer's motion is due to be denied, and American Homeowner's and Carrington's motions are due to be granted.

# I. DISCUSSION

## A. Kincer's Motion to Reconsider

Kincer contends that the court should set aside its order dismissing her claims against CitiFinancial and Stanwich. Doc. 66. Under Rule 59(e) of the Federal Rules of Civil Procedure, the court may alter or amend a prior ruling if "a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). Rule 59(e) motions, however, cannot be used "to relitigate old matters, [or to] raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). Indeed, "a motion to reconsider should not be used by the parties to set forth new theories of law . . . absent some showing that" the theory was previously unavailable. *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997).

Kincer first argues that the court erred by dismissing her negligence, wantonness, and negligent hiring, retention, and supervision claims because she adequately pleaded that the defendants may be vicariously liable for the alleged intrusion on to her property. Doc. 66 at 1-2. To support her argument, Kincer points to her allegation that CitiFinancial and Stanwich allowed a representative of

Carrington to enter and cause damage to her property. *Id.* (citing Doc. 22 at ¶ 14). Kincer's argument is not a proper basis for a motion to reconsider because she could have raised it in response to these defendants' motions to dismiss. *See Michael Linet, Inc.*, 408 F.3d at 763. Kincer's argument also fails because, as stated in the order dismissing these claims, Kincer's second amended complaint contains no factual allegations to suggest that Carrington's representative may have acted as an agent of either CitiFinancial or Stanwich, or that CitiFinancial or Stanwich had any control over the actions of the representative. *See* docs. 22. *See also* doc. 61 at 4-7. Thus, as pleaded, Kincer did not state plausible claims against CitiFinancial or Stanwich on the basis of vicarious liability.

Kincer also argues that the court erred by dismissing her RESPA claims against CitiFinancial and Stanwich because her allegations that she sent multiple qualified written requests ("QWRs") to the defendants satisfies the pleading standards for such claims. Doc. 66 at 2-3. As the court explained in its Memorandum Opinion and Order, Kincer's conclusory allegations that she sent multiple QWRs to the defendants are not sufficient to state a plausible RESPA claim. *See* doc. 61 at 7-9. In particular, Kincer did not plead any facts about the contents of her communication to the defendants, except that the alleged QWRs were to resolve issues regarding misplaced payments and misrepresentations regarding her late husband's life insurance. *See* doc. 22 at 5. Those allegations

3

simply do not show that Kincer's correspondence met the requirements of 12 U.S.C. § 2605(e)(1)(B). The claim also failed in light of Kincer's failure to plead actual or statutory damages. *See* doc. 61 at 9. As a result, Kincer did not state a plausible RESPA claim against CitiFinancial and Stanwich, and she has failed to remedy these pleading deficiencies.

Next, Kincer argues that the court erred by dismissing her breach of contract and misrepresentation claims against CitiFinancial and Stanwich. Doc. 66 at 3-4. However, Kincer does not specifically explain how she believes the court erred, other than to state that she did plead sufficient facts to state her claims. *Id.* This is not a sufficient basis for a motion to reconsider, but rather it is an impermissible attempt by Kincer to have a second bite at the apple. *See Michael Linet, Inc.*, 408 F.3d at 763.

Because Kincer does not point to any new evidence, a change in controlling law, or a specific error of fact or law, the court declines to reconsider its order dismissing Kincer's claims against CitiFinancial and Stanwich.

B.  <u>American Homeowner's Motion to Dismiss</u>

American Homeowner moves to dismiss the claims against it. Doc. 68. As the court previously noted, Kincer does not plead any substantive facts relating to American Homeowner, and American Homeowner did not acquire the Kincers' mortgage until December 29, 2017, which is after the relevant time period in this

4

action and after Kincer initially filed this complaint. *See* docs. 22; 45 at 3; 62 at 2. American Homeowner contends that Kincer's claims fail because she does not allege any facts to suggest that it could be liable for alleged misconduct that occurred before it acquired the mortgage or that it breached a contract with Kincer. *See* docs. 68; 71 at 4.

Kincer does not dispute that American Homeowner acquired the mortgage after the relevant facts that form the basis of her lawsuit. *See* doc. 70. Rather, Kincer argues that American Homeowner may be vicariously liable for the alleged break-in and damage to her home and the alleged misrepresentations regarding the mortgage based on a theory of successor liability. Doc. 70 at 2-5. As Kincer acknowledges, however, successor liability applies when one company sells or transfers all of its assets to another company. *See id. See also Coffman v. Chugach Support Serv., Inc.*, 411 F.3d 1231, 1237 (11th Cir. 2005) (noting in the USERRA context that "one of the fundamental requirements for consideration of the imposition of successor liability is a merger or transfer of assets between the predecessor and successor companies") (citation omitted); *MPI Acquisition, LLC v. Northcutt*, 14 So. 3d 126, 128 (Ala. 2009). Moreover, Kincer does not cite any authority for the proposition that successor liability may apply in the context of the sale or transfer of a mortgage. *See* doc. 70 at 2-5. Thus, Kincer's reliance on

5

successor liability is misplaced and does not help save her claims against American Homeowner.

Kincer also argues that she needs to conduct discovery regarding the contracts between her and American Homeowner and to "gather evidence to support her assertion that [American Homeowner is] liable by virtue of [its] purchasing the liability." Doc. 70 at 4. However, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Kincer does not plead any facts to support her conclusion that American Homeowner may be liable for the alleged misconduct that occurred before it acquired the mortgage, or that it breached a contract with her. *See* doc. 22. Thus, Kincer failed to state plausible claims against American Homeowner, and its motion to dismiss is due to be granted. *See Iqbal*, 556 U.S. at 578 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2009)).

C. <u>Carrington's Motion to Dismiss</u>

In light of the issues raised by the court's consideration of CitiFinancial's and Stanwich's motions to dismiss, the court ordered Kincer and Carrington to show cause why the RESPA claim against Carrington should not be dismissed. Doc. 62. In response to the Court's order, Carrington contends that Kincer's

"RESPA claim is fatally flawed and should be dismissed," doc. 63, while Kincer asserts that she adequately pleaded a RESPA claim against Carrington, doc. 66. The court agrees with Carrington. For the reasons discussed in the court's Memorandum Opinion and Order dismissing Kincer's RESPA claims against CitiFinancial and Stanwich, doc. 61 at 7-9, the court finds that Kincer failed to state a plausible RESPA claim against Carrington, and in light of Kincer's failure to remedy the pleading deficiencies outlined by the court, the claim is also due to be dismissed without prejudice.

## II. CONCLUSION

For the foregoing reasons, Kincer's motion to reconsider, doc. 66, is due to be denied; American Homeowner's motion to dismiss, doc. 68, is due to be granted; and Kincer's RESPA claim against Carrington is due to be dismissed. Finally, because Carrington removed this action on the basis of federal question jurisdiction based on Kincer's RESPA claim, *see* doc. 1, and federal courts are courts of limited jurisdiction, the remaining state law claims against Carrington are remanded back to the Circuit Court of Jackson County, Alabama. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subjection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). A separate order will be entered.

**DONE** the 29th day of November, 2018.

                                                          **ABDUL K. KALLON**
                                          UNITED STATES DISTRICT JUDGE